UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

JEFF TUCKER,

  Plaintiff,

-vs-　　　　　　　　　　　　　　　　　CASE NO.:  4:17-CV-00066-JHM-HBB

CREDIT ONE BANK, N.A.,

  Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION AND INCORPORATED MEMORANDUM OF LAW TO DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

COMES NOW Plaintiff, Jeff Tucker, by and through his undersigned counsel, and files his Response in Opposition and Incorporated Memorandum of Law to Defendant's Motion for Leave to File Third-Party Complaint [Doc. 33] (hereinafter "Motion"), and in support thereof, respectfully alleges the following:

**I.     Introduction**

Plaintiff filed his one count Complaint [Doc. 1] on May 19, 2017 alleging that Defendant, Credit One Bank, N.A. ("Defendant") repeatedly called him in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 *et seq.* ("TCPA"). Plaintiff alleged that Defendant called him over and over looking for the wrong person, and that on many occasions Plaintiff informed Defendant over and over again that he was not such individual and to please stop calling. Defendant continued to call looking for the wrong person. Defendant has been aware of the full phone number for the plaintiff since early in the litigation.  When searching for that number, Defendant immediately identified the name Jessica Patino.  Defendant now, almost 1

year later, has filed its Motion for Leave to File Third-Party Complaint [Doc. 33] seeking to file a claim against Plaintiff's Daughter, Jessica Tucker a/k/a Jessica Patino (hereinafter "Patino").

Defendant's representation that Patino is, in essence, the real party at fault here is absurd. Defendant chooses not to scrub or research the telephone numbers it is calling to identify who the actual subscriber/user is of the phone number in question. In 2016 Defendant chose to extend credit to Patino and Defendant has been in possession of Patino's personal identifiable information because it had extended credit to her. As will be shown below in this Response, Defendant's argument that it only recently discovered the identity of Patino is demonstrably false. Defendant's further attempt to shift the burden to Plaintiff, to do Defendant's job, in researching and finding the same person to whom it extends credit is preposterous.

Defendant chose to bombard Plaintiff's cell phone with four hundred and eighteen (418) calls between January 10, 2017 and June 14, 2017 without his express consent. On some occasions, Defendant would place eight (8) calls in one day to Plaintiff's cell. Additionally from the very first call, Defendant knew the number they were dialing did not belong to Patino. Defendant has provided Plaintiff with seventy (70) recordings wherein their calls to Plaintiff's cellular telephone go to voicemail and Defendant was greeted, at least seventy (70) times, with a voicemail greeting which identified the users of the phone as "Rebecca and Jeff." Defendant and its vendor elect to continue to call numbers with automated technology even after the voice mail in such numbers clearly reflect a different individual.

Additionally, Defendant has not actually provided any documents establishing Patino had an account with Defendant. No application has been provided, nor any signed documents, nor any acknowledgment from Patino. The only document that has been provided to "prove" Patino had an account with Defendant is a generic cardholder agreement.

As will be shown below, Defendant's Motion for Leave is baseless, ignores key elements of the case, is incredibly untimely, seeks an improper venue, will change the entire schedule of the current litigation, is very prejudicial to the Plaintiff and is nothing more than a pressure/scare tactic leveled against Plaintiff by Defendant, and should ultimately be denied.

**II.     Legal Standard**

Rule 16(b) requires a court to enter a scheduling order that "limit[s] the time to join other parties, amend pleadings, complete discovery, and file motions[,]" which may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(3)(A), 16(b)(4). "When a motion to amend is filed after a court has issued its scheduling order, the party seeking to amend must first demonstrate 'good cause' under Rule 16(b) of the Federal Rules of Civil Procedure before the court will consider whether the amendment is proper under Rule 15(a)(2). *Tischer v. Bank of Am. N.A.*, No. 1:12-cv-4185-CAP, 2015 WL 11198945, at *1 (N.D. Ga. Feb. 10, 2015); *Datastrip Intern. Ltd. v. Intacta Tech., Inc.* 253 F.Supp.2d 1308, 1317 (N.D. GA 2003) ("Court's evaluating motions to amend … must apply the good cause rubric of Rule 16 before considering whether amendments are proper under Rule 15 …") (citing *Sosa v. Airprint Systems, Inc.* 133 F.3d 1417, 1419 (11th Cir. 1998). The good-cause standard precludes modification of the court's scheduling order unless the "schedule cannot 'be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16, advisory committee notes). If a party fails to meet the "good cause" standard, the Court generally must deny the motion because to do otherwise "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Sosa, 133 F.3d at 1419. This is especially true where a request for leave to amend the complaint, filed at the end of the discovery period, would serve to "produce[ ] more attempts at discovery"

and "delay[ ] disposition of the case." *Maynard v. Bd. of Regents of Div. of Universities of Florida Dep't of Educ. ex rel. Univ. of S. Florida*, 342 F.3d 1281, 1287 (11th Cir. 2003). Here, Defendant agreed to, and the Court's Scheduling Order [Doc. 18] confirms, **October 31, 2017** as the last day to file amended pleadings. Defendant filed the Motion at hand **over six (6) months past** the cutoff.

Furthermore, in its Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) filed August 23, 2017, Defendant stated that "Credit One is not claiming damages at this time, but reserves the right to seek damages, costs and fees as allowed by state and/or federal statues" [Doc. 17]. Of relevance is that the Court's Scheduling Order [Doc. 18] filed on August 31, 2017, made explicitly clear that "the parties are under a continuing duty to supplement their disclosures and responses as required by Rule 26(e) whenever necessary during the entire course of the litigation. Supplementations shall be made within thirty days of first learning of the need to supplement, but **no later than** thirty days prior to the end of discovery." The current rescheduled discovery deadline is May 30, 2018, and no supplementation has been made by Defendant of its disclosures. Moreover, if the movant had earlier opportunities to amend or if the delay places an unwarranted burden on the court, the court should not permit the amendment. *See CMR D.N. Corp. v. City of Phila.*, 703 F3d at 629-30 (3d Cir. 2013)

Courts regularly deny motions to amend as prejudicial where the opposing party has spent significant resources litigating the matter. *Catz v. United States*, No. 2:10-cv-105-FtM-36SPC, 2011 U.S. Dist. LEXIS 145097, at *9-10 (explaining that allowing an amendment would be "highly prejudicial" because the defendant had "spent hours in discovery"). Additionally, "when there seems to be no good reason why the plaintiff could not have brought the claim

earlier in the case, leave to amend may be denied for undue delay." *Raja v. Englewood Cmty. Hosp., Inc.,* No. 8:12-cv-02083-JDW-AEP, 2013 U.S. Dist. LEXIS 159627, at *4 (citing cases).

Because Defendant has had a long running relationship with Patino, Defendant was in possession at all times of the information necessary to properly assert its claim. As Defendant states in its Motion, on or about November 1, 2016, Patino applied for a card through Defendant [Doc. 33 p. 3]. Furthermore, as elaborated later in this Response, on or about **July 31, 2017,** during the initial case management conference, Defendant made Plaintiff's counsel aware that the calls he received were for intended for his 22 year old daughter (Patino.) Defendant knew and determined Patino's role in this matter with minimal diligence on its part. Defendant possessed all the information necessary to fully assert a claim against Patino for over ten (10) months prior to filing this Motion, but failed to do so. Against this background, the Motion should be denied. *See, e.g., Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("In light of [plaintiff's] lack of diligence in protecting her rights, [plaintiff's] attempt to add a defendant outside the time frame prescribed by the scheduling order was not supported by good cause." *Catz*, 2011 U.S. Dist. LEXIS 145097, at *8-10 (denying untimely motion to amend where plaintiff had ample opportunity to conduct discovery and make any necessary amendments but failed to do so); *Gonzalez v. Pirelli Tire, LLC*, No. 6:08-cv-315-Orl-19DAB, 2008 U.S. Dist. LEXIS 39491, at *9 (M.D. Fla., May 15, 2008) (denying untimely motion to amend filed two months after deadline to amend expired because "[s]uch a belated filing suggest…a lack of diligence on the part of Plaintiff."

Moreover, as explained below, Defendant unduly delayed in filing the Motion. Courts have held both Defendants and Plaintiffs to high standards when attempting to amend or add counter claims late in the litigation. "[T]he mere passage of time is not enough to deny a motion

to amend,' but when 'there seems to be no good reason' why the plaintiff could not have brought the claim earlier in the case, leave to amend may be denied for undue delay." *Raja*, 2013 U.S. Dist. LEXIS 159627, at *4 (citing case). There seems to be no good reason why Defendant could not have filed this Motion earlier in this case.

While leave to amend is freely given under Federal Rule of Civil Procedure 15(a), a motion to amend filed after the deadline established by the Case Management and Scheduling Order will <u>only</u> be granted upon a showing of good cause under Federal Rule of Civil Procedure 16(b)(4). *Sosa v. Airport Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998). Defendant failed to ever state their good cause in its motion, instead merely giving a vague statement.

### III.     Defendant Misrepresents How Long It Was Aware of Patino

Defendant in its Motion attempts to mislead the Court into believing it only recently became aware of, and had information concerning Patino. There is ample evidence that Defendant has been aware of Patino for a lengthy period of time and only now, on the cusp of a once already rescheduled discovery deadline, seeks to add Patino as a third-party Defendant. In particular Defendant has stated in its Motion that "On July 18, 2017, Credit One filed its answer and affirmative defenses. Through its investigation and discovery, Credit One has learned the calls at issue were intended for plaintiff's daughter, Jessica Tucker a/k/a Jessica Patino ("Patino"), who had an account with Credit One. Patino gave Credit One the -5400 number on November 14, 2016, as her secondary contact number" [Motion p. 1-2]. Defendant goes on to state "Credit One did not have the information necessary to file a third-party complaint until it had conducted its own internal investigation and until it deposed Tucker and his wife on April 26, 2018, during which several issues were clarified regarding the – 5400 number" [Motion p. 7].

To the contrary, Defendant has been aware of Patino since the earliest stages of the lawsuit. While initially Plaintiff believed he was getting calls for a "Sherry" as it was alleged in the Complaint [Doc. 1], during the initial case management conference that occurred in this case on or about **July 31, 2017**, Defendant informed Plaintiff that it was actually placing calls for Patino, Plaintiff's daughter. Upon discovering that the calls were actually intended for Patino, and not a "Sherry," Plaintiff included Patino as a potential witness in his Initial 26(a)(1) Disclosures [Doc. 16] filed on August 14, 2017. <u>Defendant also listed Patino as a potential witness in its Initial 26(a)(1) Disclosures [Doc. 17] filed on August 23, 2017</u>. Additionally on November 3rd, 2017, Plaintiff responded to Defendant's Interrogatories [**Attached hereto as Exhibit "A"**], one question of which (#10) asked Plaintiff to identify Patino, which he did including providing her address at the time of the request. Defendant failed to request any amendments and instead allowed full discovery to occur between the parties without adding Patino.

As is shown, for at almost **ten (10)** months Defendant knew the person they were trying to reach was Patino. Additionally, for least the last **five (5)** months, Defendant knew Patino was Plaintiff's daughter and had her address. Defendant's façade that it only recently found out about Patino and didn't have any information on her is clearly preposterous. Defendant has been in possession of the identity and information of Patino since granting her credit. Defendant was able to identify the account involved during the collection calls, the name Jessica Patino and all the demographic information provided during the application for credit. Defendant's lack of planning should not constitute an emergency or prejudice to this Court or the Plaintiff.

    **IV.**    **Adding Patino Would Open Up All New Discovery and Facts**

Defendant attempts to lead the Court to believe that adding Patino as a third-party Defendant would stream line the case and make the resolution of such more expedient, however it is actually quite the opposite. Adding Patino as a third-party Defendant would also open the ability for Patino to file a counter-claim against Defendant for calls they may have placed to her in violation of the TCPA. Patino provided her own cell phone number to Defendant during the application process and received a lot of calls from Defendant. This would then spur additional discovery as records would need to be gathered. The facts surrounding Defendant's calls and conversations to Patino would be totally separate from those regarding Plaintiff and his calls and conversations with Defendant. Furthermore, Plaintiff's attorney does not represent Patino which would likely spur her to acquire her own counsel for representation in the case. Defendant has had at a minimum, **ten (10) months** to add Patino to the litigation and has failed to do so until now, on the cusp of the discovery deadline. Furthermore, per the Scheduling Order [Doc. 18], the deadline to amend or add third parties was **October 31, 2017.**

Adding Patino as a party would greatly prejudice Plaintiff as through this Motion, filed at the last minute, Defendant seeks to dramatically and improperly expand the scope of this action. Plaintiff has deposed the corporate representative for Defendant and has also deposed EGS/Alorica (a vendor used by Defendant). Should Patino be added as a party, Plaintiff will need to again conduct further depositions regarding the account belonging to Patino. Defendant tries to pass off adding Patino to the party as being a quick event that will require no real discovery. Patino will need to subpoena her own cell phone records to disprove that she allegedly (after the application) provided Plaintiff's cell number. The Defendant, in the Proposed Agreed Order [Doc. 25] agreed to move the deadlines for discovery, expert reports and dispositive motions, but failed to address or move the deadline for amending pleadings. The original

Scheduling Order [Doc. 18] was modified via the Agreed Order [Doc. 25] on March 6, 2018 which moved the Discovery Deadline from March 30, 2018 to May 30, 2018 and the dispositive deadline from April 30, 2018 to June 30, 2018. Plaintiff has almost completed the writing for his Motion for Summary Judgment which was planned to be filed prior to the June 30, 2018 deadline. The addition of a new party will greatly expand and necessitate further extensions of this case which is on the cusp of its conclusion. Adding Patino as a party will necessitate that she be afforded the time to retain counsel, file an Answer, conduct her discovery as well as her own depositions of Defendant and its vendor(s).

Lastly, Patino is likely to have several affirmative defenses (unrelated to Plaintiff's case) of unconscionability and public policy violations emitting from the contractual language from the Defendant's Credit card agreement.

**V.     Arbitration Clause Governs any Dispute between Credit One and Jessica Patino**

A significant fact which Defendant has apparently chosen to ignore in its Motion is that in the contract entered into between Defendant and Patino and attached as an Exhibit [33-1] to Defendant's Motion, is that an Arbitration Agreement is present which states, in part:

> **PLEASE READ THIS ARBITRATION AGREEMENT OF YOUR CARD AGREEMENT CAREFULLY. IT PROVIDES *THAT EITHER YOU OR WE* CAN REQUIRE THAT ANY CONTROVERSY OR DISPUTE BE RESOLVED BY BINDING ARBITRATION. *ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY.***

[Doc. 33-1 p. 6] (*emphasis* added)

> You and we agree that either you or we may, without the other's consent, require that any controversy or dispute between you and us (all of which are called "Claims"), be submitted to mandatory, binding arbitration.
> …

> Claims subject to arbitration include Claims based on any allegations of fact, including an alleged act, inaction, omission, suppression, representation, statement, obligation, duty, right, condition, status or relationship.

**[Doc 33-1 p.7]**

This case has thus far been prosecuted in a timely fashion over the last year. Discovery on both sides has been exchanged and answered. Depositions of both Plaintiff and Defendant have occurred. Adding a new party at this point to the matter at hand will only delay and throw a wrench amidst the gears that have been, up until this point, speedily pushing this case toward trial.  Should Defendant wish to pursue their potential case as to Patino's alleged liability for the calls in question, the most proper, expeditious and economical venue for them to do so would be through Arbitration.

### VI. Conclusion

For these reasons Defendant's Motion for Leave to File Third-Party Complaint should be denied.

Dated this 18th day of May, 2018.

/s/ Octavio Gomez
Octavio "Tav" Gomez, Esquire
(*Admitted Pro Hac Vice*)
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax:  (813) 223-5402
TGomez@ForThePeople.com
Florida Bar #: 0338620
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 18th day of May, 2018 via the Court's CM/ECF System to all parties of record.

/s/ *Octavio Gomez*
Octavio Gomez, Esquire
(*Admitted Pro Hac Vice*)
Florida Bar No.: 0338620
Morgan & Morgan, Tampa, P.A.